Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of detinue, brought by Jones against Smith, for three slaves, in which verdict and judgment were obtained by Jones.
Various questions are presented; but one only will now considered, and that is, whether the Circuit Judge erred in giving an instruction (No. 3) at the instance of t • i-Jones, or m overruling an instruction (No. 4) proposed by Smith. J
Jones had brought an action of replevin for the slaves, against a sheriff who had taken them in virtue of a fieri facias, and against the creditor in the execution; and ** * tu > Smith having purchased them at the sheriff’s sale, under the execution, and obtained the possession of them, prior to the return or service of the writ in the action of replevin, they were never surrendered to Jones; who dismissed his suit after it had been pending sometime: and, more than five years after Smith’s purchase under the execution, brought this suit against him, for the same , Slaves.
The Circuit Judge instructed the jury (instructions No. 3,) that if they should “ find that the plaintiff was “ prevented by the management of the sheriff and the “ present defendant, from prosecuting his action .of re- “ plevin, by any indirect means, or obstructed in said “ suit, so as to prevent a fair trial, or the execution of “ the process in said suit, in that event, the statute (of “ limitations) did not begin to run until after said suit “ was dismissed;” and refused on Smith’s motion (No. 4) to instruct the jury that the action of replevin “ did not “ prevent the statute of limitations running in favor of “ Smith.”
*90 The Circuit Judge seems- erroneously to have supposed, that the last proviso to the statute of limitations (2 Stat. Law, 1139) might have some application to this case. But that proviso only saves the right of action as against a party who had obstructed a suit against himself, for the same cause of action as that to which, when sued, he pleads the statute of limitations. It has no application whatever to the facts of this case. Smith was no party to the action of replevin, the pendency of that action did not affect his right to the slaves, and would have been no barrier to an action of detinue or trover against him. There is no circumstance tending, in the remotest degree, to show that he did any thing to evade or obstruct any action for the slaves, against himself, or that the commencement of this suit was, in any way, delayed or obstructed by him, or by any other person but Jones himself, who must have so long delayed it only because he preferred to rely on his action of replevin against the sheriff, or because he doubted his right to recover of Smith.
We are, therefore, of the opinion that the Circuit Court erred in giving instruction No. 3, and in withholding instruction No. 4.
Wherefore the judgment must be reversed, and the cause remanded, for a new trial.